GILBRIDE, TUSA, LAST & SPELLANE, LLC
Todd. S. Sharinn (CT 419121)
31 Brookside Drive
Greenwich, CT 06830
Telephone: (203) 622-9360
Facsimile: (203) 622-9392
tss@gtlslaw.com

*Attorneys for Plaintiff*
*Crossford International, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
----------------------------------------------------x
                                       :      Civil Action No.:
CROSSFORD INTERNATIONAL, LLC   :
                                       :
                     Plaintiff,   :      COMPLAINT
          v.                           :      JURY TRIAL DEMANDED
                                       :
                                       :      JANUARY 16, 2015
                                       :
RECTORSEAL CORPORATION,           :
                                       :
                                       :
                     Defendant.   :
----------------------------------------------------x
```

Plaintiff Crossford International, LLC as and for its complaint ("Complaint") against RectorSeal Corporation ("RectorSeal" or "Defendant"), hereby alleges as follows:

**NATURE AND BASIS OF ACTION**

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et. seq.*, unfair competition and false designation of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for unfair trade practices pursuant to C.G.S.A. §§ 42-110b *et. seq.*, unfair competition, unjust enrichment, and conversion under the common laws of the State of Connecticut.

1

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. §1367 over plaintiff's claims for unfair trade practices, unfair competition, unjust enrichment, and conversion under the laws of the State of Connecticut.

3.      This Court has personal jurisdiction over RectorSeal because RectorSeal transacts business in the State of Connecticut and in this Judicial District.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b), (c) and (d), and 1400 (b) because RectorSeal is a corporation subject to personal jurisdiction in this Judicial District.

## THE PARTIES

5.      Plaintiff Crossford International, LLC is a limited liability company organized and existing under the laws of the State of Connecticut, having its principal place of business at 420 West Avenue, Stamford, Connecticut 06902.

6.      Upon information and belief, Defendant RectorSeal is a corporation organized and existing under the laws of the State of Delaware that transacts business within the State of Connecticut and throughout the United States, having its principal place of business at 2601 Spenwick Drive, Houston, Texas 77055. RectorSeal is actively engaged in the manufacture, distribution, marketing, offer for sale and sale of goods and services, including those later identified and defined as the "Infringing Products" throughout the United States and within the State of Connecticut and this Judicial District.

## BACKGROUND FACTS

7.      For nearly fifty (50) years Plaintiff Crossford International, LLC and its related companies, subsidiaries and licensees (collectively referred to herein as "Crossford"), has been a leading global manufacturer, marketer, and seller of maintenance solutions for commercial heating, venting, air conditioning ("HVAC") systems, facility management and maintenance, power generation, maritime, and other industrial applications.

8.      Crossford has and continues to invest substantial time and resources in connection with its research, development, manufacture, distribution, marketing, offering for sale and sale of novel, useful and commercially valuable products directed at serving many industries including, but not limited to facility maintenance, food and beverage processing, HVAC, maritime and offshore platforms, and power plant maintenance.

9.      Crossford's diverse product line includes tube cleaning systems, industrial vacuums, cooling tower maintenance systems, commercial pressure washers, descaling systems, coil cleaning products, and hose and pipe cleaning systems.

10.     Among Crossford's diverse and well known product line is its MINI SPLIT BIB® KIT, which has met with immediate commercial success and global acceptance in HVAC and HVAC-refrigeration ("HVAC/R") service and maintenance industries.

11.     The MINI SPLIT BIB® KIT is specifically designed to provide safe and effective means for cleaning, among other things, the evaporator coils, fans and other components of HVAC systems, and includes at least one bracket, plastic funnel shaped bib, adjustable cord, deflector plates, and a five (5) gallon bucket. *See* Exhibit A.

12.     Crossford is the owner of all right, title and interest in and to, *inter alia*, the well-known MINI SPLIT BIB® KIT trademark and its underlying valid and subsisting

United States Trademark Registration No. 4,594,555, as well as any and all goodwill associated therewith and appurtenant thereto (the "MINI SPLIT BIB® KIT Mark"). *See* Exhibit B.

13.     Crossford's continuous and broad use of the MINI SPLIT BIB® KIT Mark has expanded the product's renown and enabled it to achieve a level of fame in the HVAC/R industries.

14.     The MINI SPLIT BIB® KIT Mark has been widely promoted throughout the United States.  As a result, the public, customers, and the HVAC/R industries have come to recognize that products bearing the MINI SPLIT BIB® KIT Mark originate exclusively with Crossford.

15.     All genuine MINI SPLIT BIB® KIT products, as well as their associated packaging and marketing materials, are inspected and approved by Crossford prior to distribution and sale.

16.     All genuine MINI SPLIT BIB® KIT products are distributed through a network of authorized dealers and sold with a warranty and backed up by a call center that is manned by a full service staff of employees.

17.     Crossford has manufactured, marketed and advertised the MINI SPLIT BIB® KIT products so that the public associates them with extraordinary and innovative design, materials, workmanship and reliability.

18.     Crossford marks its products, packaging and marketing materials in accordance with and subject to the United States Trademark Laws, and most specifically 15 U.S.C. §1111, which constitutes actual and constructive notice to Defendant of Crossford's ownership and exclusive rights in and to the MINI SPLIT BIB® KIT Mark.

4

## CROSSFORD'S UNITED STATES LETTERS PATENT NO. 6,863,116

19.     On March 8, 2005, United States Letters Patent No. 6,863,116 (the "'116 Patent" and collectively with the MINI SPLIT BIB® KIT Mark, MINI SPLIT BIB® KIT product packaging and marketing materials as, the "Crossford IP") was duly and lawfully issued to Crossford as assignee of inventors Timothy Kane and Frank Intrieri, Jr. The '116 Patent, styled APPARATUS AND METHOD FOR COLLECTION AND DISPOSAL OF WASTE-WATER AND DEBRIS FROM HEAT EXCHANGER AND OTHER SOURCES, includes claims directed to an apparatus and methods that facilitate the safe and effective collection and disposal of waste water and debris resulting from the cleaning operations of heat exchanger tubes and other sources. *See* Exhibit C.

20.     Crossford's patented MINI SPLIT BIB® KIT, which embodies the inventions disclosed and claimed within the '116 Patent, was designed for use in, *inter alia*, the HVAC industry as a novel, safe and efficient means to clean evaporator coils, fans and other HVAC system components through the combination of pressurized water, specialized solvents and Crossford's innovative technology.

21.     The MINI SPLIT BIB® KIT utilizes a unique and novel high grade plastic "bib" to create a barrier protecting the wall and other surroundings that additionally channels water, cleaning solutions and debris through its funnel portion safely into a five (5) gallon bucket positioned at the bottom of the bib. *See* Exhibit D.

22.     Crossford marks each product, its associated packaging, and their marketing materials with the '116 Patent numbers in accordance with and subject to the United States Patent Laws, and most particularly 35 U.S.C. § 287, which constitutes actual and

constructive notice to Defendant of Crossford's ownership and exclusive rights in and to, among other things, the '116 Patent.

## RECTORSEAL'S INFRINGING CONDUCT

23.     RectorSeal claims to be, *inter alia*, a leading manufacturer of quality HVAC/R products" that include chemical specialty cleaners, sealants and related products designed for professional tradesmen in various fields such as the plumbing, industrial, HVAC-refrigeration, electrical and construction industries. *See* Exhibit E.

24.     RectorSeal's products are distributed, marketed, offered for sale and sold throughout the United States, including in the State of Connecticut and this Judicial District. *See* Exhibit F.

25.     RectorSeal recently began to manufacture, distribute, market, offer for sale and sell packaged infringing evaporator coil cleaning kits, which include, *inter alia*, at least one least one bracket, plastic funnel shaped bib, adjustable support cord and means, deflector plates, and a five (5) gallon bucket (the "Infringing Product"), and are virtually indistinguishable from, and compete directly and unfairly with, Crossford's MINI SPLIT BIB® KIT under the confusingly similar product name "Desolv Mini-spilt Evaporator Coil Cleaning Kit" (the "Infringing Mark"). *See* Exhibits G & H.

26.     RectorSeal purports that the Infringing Product is designed to deep clean the evaporator coils of indoor air-conditioning units. Further, that the Infringing Product relies on, among other things, an infringing "funnel bag" technology to drain water and cleaning chemicals into an attached bucket. *See id.*

27.     Long after Crossford's invention of its MINI SPLIT BIB® KIT and selection, adoption, use and marketing of its MINI SPLIT BIB® KIT Mark and packaging, RectorSeal

without authorization or license from Crossford began to manufacture, distribute, offer for sale and sell the Infringing Product relying upon virtually identical packaging that has the same shape, style and overall appearance of Crossford's packaging in combination with the Infringing Mark, which is a colorable imitation of the MINI SPLIT BIB® KIT Mark (the "Infringing Packaging"). *See id.*

28.     RectorSeal has been and continues to manufacture, market, distribute, offer for sale and sell the Infringing Products under and in connection with the Infringing Mark in interstate and intrastate commerce, throughout the United States, including within the State of Connecticut and this Judicial District.

29.     RectorSeal has offered and continues to offer the Infringing Product for sale through numerous distributors in the State of Connecticut and this Judicial District. *See* Exhibit F.

30.     RectorSeal promotes, displays and offers for sale the Infringing Product on, among other mediums, its web site located at the URL <www.rectorseal.com>. *See* Exhibit H.

31.     RectorSeal's Infringing Product infringes upon the '116 Patent.

32.     Upon information and belief and despite RectorSeal's prior notice of the '116 Patent, RectorSeal has continued to purposefully, actively and voluntarily offer for sale and sell the Infringing Product under and in connection with the confusingly similar Infringing Mark and Packaging with the expectation that the Infringing Product would be purchased by or used by the same consumers and clients in the same channels of trade that Crossford markets its MINI SPLIT BIB® KIT throughout the United States, including within the State of Connecticut and this Judicial District.

33.     By such acts, RectorSeal has injured Crossford and is liable to Crossford for infringement of the '116 Patent pursuant to 35 U.S.C. §271 *et seq.*; and for unfair competition and false designation of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair trade practices pursuant to C.G.S.A. §§ 42-110b *et. seq.*, unfair competition, unjust enrichment, and conversion under the common laws of the State of Connecticut.

### FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT
### (35 U.S.C. §§ 271 *et seq.*)

34.     Crossford repeats and realleges the allegations set forth in paragraphs 1 to 33 as if fully set forth herein.

35.     Defendant's use, manufacture, distribution, marketing, offer for sale and/or sale of the Infringing Product infringes and induces infringement of one or more of the claims of the '116 Patent within the meaning of 35 U.S.C. §§ 271 *et seq.*

36.     Defendant's infringement of the '116 Patent has and will continue to irreparably damage Crossford and deprive Crossford of sales, profits and royalties that Crossford would have made or would enjoy in the future, and has in other respects injured Crossford and will cause Crossford further added and irreparable injuries and damages unless Defendant is preliminarily and permanently enjoined from infringing the '116 Patent.

37.     Defendant's infringement of the '116 Patent has been and continues to be willful, and will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN
## AND FALSE ADVERTISING
## (15 U.S.C. §1125(a))

38.     Crossford repeats and realleges the allegations of paragraphs 1 through 37 as if fully set forth herein.

39.     The Infringing Product is of the same nature and type as the Crossford MINI SPLIT BIB® KIT and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

40.     By misappropriating and using the Crossford IP, Defendant's misrepresent and falsely describe to the general public the origin and source of the Infringing Product and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

41.     Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, marketing, offer for sale and/or sale of the Infringing Product creates express and implied misrepresentations that the Infringing Product was created, authorized or approved by Crossford, all to Defendant's profit and Crossford's damage and injury.

42.     Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' use of the Crossford IP, on and in connection with its Infringing Product in interstate commerce constitutes a false designation of origin and unfair competition.

43.     Crossford has no adequate remedy at law.  If Defendant's activities are not enjoined, Crossford will continue to suffer irreparable harm and injury to its goodwill and reputation.

### THIRD CLAIM FOR RELIEF
### UNFAIR TRADE PRACTICES UNDER CONNECTICUT LAW
### (C.G.S.A. § 42-110b *et seq.*)

44.     Crossford repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant, without Crossford's authorization or consent, and having knowledge of Crossford's well-known and prior rights in and to the Crossford IP, have manufactured, marketed, distributed, offered for sale and/or sold the Infringing Product to the consuming public in direct competition with Crossford's sale of genuine merchandise.

46.     Defendant's use of copies or simulations of the Crossford IP is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Product, and is likely to deceive the public into believing the Infringing Product being sold by Defendant originates from, is associated with, or is otherwise authorized by Crossford.

47.     The aforesaid acts of Defendant constitute unfair methods of competition and unfair and deceptive acts and practices in the conduct of commerce and are likely to cause injury to Crossford's, business reputation, the Crossford IP and the valuable goodwill associated therewith at no cost to Defendant and in violation of Connecticut's Unfair Trade Practices Act, Connecticut General Stat. Annotated § 42-110b, *et seq.*

48.     Defendant's unfair methods of competition and deceptive acts and practices involve public sales activities of a recurring nature.

49.     Crossford has no adequate remedy at law and, if Defendant's activities are not enjoined, Crossford will continue to suffer irreparable harm and injury to its goodwill and reputation.

## FOURTH CLAIM FOR RELIEF
## <u>UNFAIR COMPETITION UNDER CONNECTICUT LAW</u>

50.     Crossford repeats and realleges the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Crossford has built up valuable goodwill in the Crossford IP and its genuine products.

52.     Defendant's use of the Crossford IP is likely to and does permit Defendant to palm off Defendant's Infringing Product as those of Crossford, all to the detriment of Crossford and the unjust enrichment of Defendant.

53.     Upon information and belief, Defendant, with full knowledge of the fame of the Crossford IP, intended to and did trade on the goodwill associated with the Crossford IP and has misled and will continue to mislead the public into assuming a connection between Crossford and Defendant by Defendant's sale and/or distribution of the Infringing Product.

54.     Defendant's unauthorized use of the Crossford IP has caused and is likely to continue to cause Crossford damage by tarnishing the valuable reputation associated with Crossford and its genuine products.

55.     The acts of Defendant, which permit and accomplish confusion, mislead and deceive the public as to the source of Defendant's goods, permit and accomplish palming off of Defendant's goods as those of Crossford and falsely suggest a connection with Crossford, constitute acts of unfair competition with Crossford in violation of the laws of the State of Connecticut.

56.     Unless enjoined by this Court, Defendant's acts have caused and will continue to cause Crossford irreparable harm.  Crossford has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT
## UNDER CONNECTICUT LAW

57.     Crossford repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

58.     Crossford has built up valuable good will in the Crossford IP and the distinctive appearance of genuine Crossford products.  Defendant's use of the Crossford IP is likely to and does permit Defendant's to palm off the Infringing Product as that of Crossford, all to the detriment of Crossford and the unjust enrichment of Defendant.

59.     The aforesaid acts of Defendant constitute misappropriation of Crossford's labor, intellectual property, business reputation, and other valuable good will associated therewith at no cost to Defendant and resulting in Defendant unfairly benefiting from the same in violation of the common law of the State of Connecticut.

60.     The acts of Defendant, which permit and accomplish confusion, mislead and deceive the public as to the source of the Infringing Product, permit and accomplish palming off of the Infringing Product as that of Crossford and falsely suggest a connection with Crossford at no cost to Defendant resulting in Defendant unfairly benefiting from the same all in violation of the common law of the State of Connecticut.

61.     The aforesaid acts of Defendant are unjustly enriching Defendant.

62.     The conduct of Defendant has caused injury to Crossford.

63.     Crossford has been damaged and continues to be damaged as a result of the foregoing actions of Defendant in an amount that cannot yet be determined.

## SIXTH CLAIM FOR RELIEF
## <u>CONVERSION</u>

64.     Crossford repeats and realleges the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

65.     Defendant used, and continues to use, the Crossford IP on and in connection with the manufacturing, marketing, distribution, offer for sale and sale of the Infringing Product and has pirated the Crossford IP and the valuable good will associated therewith and thereby converted the Crossford IP and associated good will to its use and benefit without authorization or consent from Crossford.

66.     The conduct of Defendant has injured Crossford.

67.     Crossford has been damaged, and continues to be damaged, as a result of the foregoing actions of Defendant in an amount that cannot yet be readily ascertained.

**WHEREFORE,** Crossford prays that this Court enters an Order and Judgment finding and directing:

1.     Defendant's Infringing Product, Infringing Mark, Infringing Packaging and marketing materials infringe the Crossford IP;

2.     Defendant's infringement of the Crossford IP is, has been and continues to be willful, and will continue unless enjoined by this Court;

3.     Defendant's infringement is malicious, and will continue unless enjoined by this Court;

4.     Defendant's manufacture, use, marketing, distribution, offer for sale and sale of the Infringing Product in this Judicial District and elsewhere in the United States, infringes and induces infringement of the '116 Patent within the meaning of 35 U.S.C. §§ 271 *et. seq.*;

13

5.     Defendant's infringement is intended to and does unfairly and inequitably interfere with Crossford's quiet enjoyment of the Crossford IP and the goodwill and reputation earned by Crossford in connection therewith in this Judicial District and elsewhere in the United States, and unfairly and deceptively competes with and induces unfair and deceptive competition of the Crossford IP within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair trade practices pursuant to C.G.S.A. §§ 42-110b *et. seq.*, unfair competition, unjust enrichment, and conversion under the common laws of the State of Connecticut.

6.     Defendant's deceptive acts and practices involve public sales activities of a recurring nature;

7.     Defendant and its officers, agents, servants, employees, attorneys, subsidiaries, successors, assigns and all holdings by, through or under them, and all persons acting for them or in their behalf, in privity, concert or participation with them, directly or indirectly, be **PRELIMINARILY and PERMANENTLY ENJOINED and RESTRAINED** from:

> (a) using, making, manufacturing, marketing, distributing, offering for sale and selling any goods including, but not limited to, the Infringing Product that infringes, literally or under the doctrine of equivalents, any claim or claims of the '116 Patent pursuant to 35 U.S.C. § 283;
>
> (b) using in any manner, either directly or indirectly, any reproduction, counterfeit, copy or colorable imitation of the MINI SPLIT BIB® KIT Mark or any of the Crossford IP in connection with the manufacturing, distribution, marketing, offer for sale or sale of any goods or the rendering of any services not authorized by Crossford anywhere in the world, or otherwise;
>
> (c) using in any manner the Crossford IP or colorable imitation of any or all of the Crossford IP, alone or in combination with any word, symbol or picture

that so resembles said trademark, packaging or the like as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, marketing, advertising, offering for sale, or sale of any product not Crossford's, or not authorized by Crossford to be sold under or in connection with any of the Crossford IP;

(d) passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Crossford, not Crossford's or not produced under the control and supervision of Crossford and approved by Crossford for sale under or in connection with the Crossford IP or colorable imitation of any or all of the Crossford IP;

(e) committing any acts calculated to cause purchasers to believe that the Infringing Product is sold under the control or supervision of Crossford, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Crossford;

(f) further infringing all of the Crossford IP and damaging Crossford's goodwill, business reputation and distinctive quality associated with, attached to or otherwise part of any and all of the Crossford IP;

(g) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Crossford, nor authorized by Crossford to be sold or offered for sale, and which include, use, rely upon or bear any or all of the Crossford IP, and ordering that all Infringing Product and related manufacturing, marketing and distribution materials made or used in violation of Crossford's rights be impounded during the pendency of this action;

(h) using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Crossford or sponsored by or associated with Crossford and from offering such goods into commerce; and

(i) from otherwise competing unfairly with Crossford in any manner.

8.   Defendant be required upon service of this Complaint to immediately produce to Crossford copies or originals for copying, of any and all Infringing Product, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising, promotional and marketing matter in all mediums, and other materials in the possession of Defendant or under its control bearing the Crossford IP, alone or in combination with any other words, or used in connection with manufacturing, marketing, advertising, offering for sale or sale of products not Crossford's, or not made under the authorization and control of Crossford;

9.   Defendant be required upon service of this Complaint to immediately supply Crossford with a complete list of entities from whom it purchased and to whom it distributed and/or sold products falsely bearing any or all of the Crossford IP or colorable imitation thereof or products not authorized by Crossford to be sold in connection with each, as well as providing Crossford with a complete sworn accounting of any and all sales made by or on behalf of Defendant in connection with or as a result of Defendant's sale of the Infringing Product;

10.   Defendants be required upon service of this Complaint to immediately deliver up for destruction their entire inventory of the Infringing Product using, relying upon or bearing any of the Crossford IP or colorable imitation thereof;

11.   Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Crossford a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 7 through 10, *supra*;

16

12.     Defendant be prohibited from making any false description or representation relating to the origin or nature of the Infringing Product, including any unauthorized use of the Crossford IP or any colorable imitation thereof, or any representations that the Infringing Product is a genuine product of, or is associated with Crossford and enjoining any others with actual notice of this injunction from palming off the Infringing Product as that of Crossford;

13.     Defendant account for and pay over to Crossford profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of the Crossford IP be increased by a sum not exceeding three times the amount thereof as provided by law;

14.     Crossford be awarded actual damages of $1,000,000.00 and punitive damages in the amount of $3,000,000.00;

15.     Crossford be awarded reasonable attorney's fees, costs and expenses, and have such other and further relief as this Court may deem equitable, including but not limited to any relief set forth under the 1946 Trademark Act, as amended and/or C.G.S.A. §§ 42-110b *et seq*;

16.     Defendant to pay exemplary or punitive damages to Crossford due to Defendant's willful and intentional acts in violation of Crossford's rights and Defendant's false representations to and deception of the public to foster the belief that the Infringing Product is that of Crossford's;

17.     Crossford be awarded damages adequate to compensate Crossford for Defendant's infringement of the '116 Patent together with pre-judgment and post-judgment interest, and that such damages to be trebled pursuant to 35 U.S.C. § 284;

18.     A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and Crossford be awarded reasonable attorney's fees, costs and expenses, and have such other and further relief as this Court may deem equitable, including but not limited to any relief set forth under Title 35 of the Patent Law;

19.     Defendant to pay exemplary or punitive damages to Crossford due to Defendant's willful and intentional acts in violation of Crossford's rights in the '116 Patent; and

20.     Such other and further relief as the Court deems to be reasonable.


Dated: January 16, 2015

                                    Respectfully submitted,


                                    GILBRIDE, TUSA, LAST & SPELLANE LLC
                                    *Attorneys for Plaintiff*

                            By: _____
                                    Todd. S. Sharinn
                                    31 Brookside Drive
                                    Greenwich, CT 06830
                                    Telephone:  (203) 622-9360
                                    Facsimile:  (203) 622-9392
                                    tss@gtlslaw.com

## **JURY DEMAND**

Pursuant to Federal Rule 38(b), Plaintiff Crossford International, LLC hereby demands

a jury trial on all issues so triable that are raised by this Complaint.

Dated:  January 16, 2015

By: _____
　　　Todd. S. Sharinn


GILBRIDE, TUSA, LAST & SPELLANE LLC
*Attorneys for Plaintiff*
31 Brookside Drive
Greenwich, CT 06830
Telephone:  (203) 622-9360
Facsimile:  (203) 622-9392
tss@gtlslaw.com